107 F.3d 17
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Harry Norman STONE, Debtor.
Harry Norman STONE, Appellant,
v.
VALLEY NATIONAL BANK OF ARIZONA, Appellee.
 No. 96-55692.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 21, 1997.*
Decided Jan. 27, 1997.
 
 Before: O'SCANNLAIN, LEAVY, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Chapter 7 debtor Harry Norman Stone appeals pro se the Bankruptcy Appellate Panel's ("BAP") decision affirming the bankruptcy court's order dismissing Stone's complaint filed in his Chapter 7 bankruptcy. Stone sought to enjoin Valley National Bank of Arizona ("Valley") from enforcing a promissory note.[1] We have jurisdiction pursuant to 28 U.S.C. 158(d). This court independently reviews the bankruptcy court's rulings on appeal from the BAP. Finalco, Inc. v. Roosevelt (In re Roosevelt), 87 F.3d 311, 313 (9th Cir.1996). We review the bankruptcy court's conclusions of law de novo and findings of fact for clear error. Alsberg v. Roberts (In re Alsberg), 68 F.3d 312, 314 (9th Cir.1995), cert. denied, 116 S.Ct. 1568 (1996). We affirm.
 
 
 3
 Stone contends that the 1991 stipulation between Stone and Valley was an unenforceable reaffirmation agreement under 11 U.S.C. § 524(c) and that as a result he was not bound by its terms to pay off the promissory note. This contention lacks merit.
 
 
 4
 Under section 524(c), to qualify as a reaffirmation agreement, the agreement must be between a "holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable." 11 U.S.C. § 524(c).
 
 
 5
 Here, the dischargeability of Stone's debt to Valley depends on whether the 1988 stipulation was entitled to preclusive effect during Stone's Chapter 7 case. The 1988 stipulation provided that Stone's debt to Valley was nondischargeable. Generally, "[f]or res judicata purposes, an agreed or stipulated judgment is a judgment on the merits." Baker v. Internal Revenue Service (In re Baker), 74 F.3d 906, 910 (9th Cir.) (per curiam), cert. denied, 116 S.Ct. 1683 (1996); see also Green v. Ancora-Citronelle Corp., 577 F.2d 1380, 1383-84 (9th Cir.1978) (holding stipulation of settlement by parties in state court constituted final judgment on the merits for collateral estoppel purposes). Accordingly, the 1988 stipulation, which provided that Stone's debt to Valley was nondischargeable, had preclusive effect during Stone's later-filed Chapter 7 case when the 1991 stipulation was entered. Because Stone's debt to Valley was nondischargeable, the 1991 stipulation was not a reaffirmation agreement. See 11 U.S.C. § 524(c).[2]
 
 AFFIRMED.[3]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The bankruptcy court held that a 1988 stipulation between Stone and Valley entered in Stone's prior Chapter 11 bankruptcy case, wherein Stone agreed that Valley's debt was nondischargeable, had res judicata effect in Stone's later-filed Chapter 7 bankruptcy case so that Stone could not avoid his debt to Valley
 
 
 [2]
 To the extent Stone contends that the 1988 stipulation is an unenforceable reaffirmation agreement, this contention lacks merit. We need not address this contention because Stone failed to raise it below. See Sierra Club, Inc. v. Commissioner, 86 F.3d 1526, 1432 (9th Cir.1996). Furthermore, even if the merits are addressed, the 1988 stipulation provides that Stone's debt to Valley was nondischargeable. Therefore, section 524(c) is not applicable. See 11 U.S.C. § 524(c)
 
 
 [3]
 Valley's request for attorney's fees is denied